# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MICHAEL ERWIN JAMES BERGEN, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF WISCONSIN, WISCONSIN DEPARTMENT OF CORRECTIONS, DIVISION OF ADULT INSTITUTIONS, AMANDA POLLEI, AMANDA BUCKNER, NICKOL BURMEISTER, SCOTT HILL, COREY HEFT, TERRENCE JAEGER, ZACHARY SCHROEDER, NATHAN BEIER, BRAD HOMPE, CINDY O'DONNELL, and MICHAEL MEISNER, <br><br> Defendants. | Case No. 20-CV-813-JPS <br><br> **ORDER** |

Plaintiff Michael Erwin James Bergen ("Plaintiff"), a prior inmate, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional state law rights. ECF No. 1. On January 13, 2022, the Court screened the complaint and allowed Plaintiff to proceed on five claims. ECF No. 13 at 12–13.

On February 28, 2022, Defendants filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies. ECF No. 18. This motion has been fully briefed, and, for the reasons explained below, the Court will grant Defendants' motion. Plaintiff's motion for summary judgment, ECF No. 23, will be denied as moot.

1.   STANDARD OF REVIEW

   1.1   Summary Judgment

Federal Rule of Civil Procedure 56 provides that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

   1.2   Exhaustion of Prisoner Administrative Remedies

The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available." 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). He must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Id.*; *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). A suit must be dismissed if it was filed before exhaustion was complete, even if exhaustion is achieved before judgment is entered. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The exhaustion requirement furthers several purposes, including restricting frivolous claims, giving prison officials the opportunity to address situations internally, giving the parties the opportunity to develop the factual record, and reducing the scope of

litigation. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). Failure to exhaust administrative remedies is an affirmative defense to be proven by a defendant. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).

### 1.2.1 Inmate Complaint Review System

The Wisconsin Department of Corrections (the "DOC") maintains an inmate complaint review system ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code § DOC 310.04. The ICRS "allow[s] inmates to raise in an orderly fashion issues regarding department policies, rules, living conditions, and employee actions that personally affect the inmate or institution environment, including civil rights claims." *Id.* § DOC 310.01(2)(a). Before commencing a civil action or special proceedings, "inmate[s] shall exhaust all administrative remedies the [DOC] has promulgated by rule." *Id*. § DOC 310.05.

There are two steps an inmate must take to exhaust the available administrative remedies. First, the inmate must file an offender complaint with the Institution Complaint Examiner ("ICE") within fourteen days of the events giving rise to the complaint. *Id.* § DOC 310.07(2). The ICE may reject the complaint or return the complaint to the inmate and allow him or her to correct any issue(s) and re-file within ten days. *See id.* § DOC 310.10(5),(6). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority within ten days. *Id.* § DOC 310.10(10).[1] If the complaint is not rejected, the ICE issues a recommendation of either dismissal or affirmance to the reviewing authority. *Id.* § DOC 310.10(9),(12). The reviewing authority ("RA") will affirm or dismiss the complaint, in whole or in part, or return the complaint to the ICE for further investigation. *Id.* § DOC 310.11(2).

---

[1]The ICRS defines a "reviewing authority" as "a person who is authorized to review and decide an inmate complaint." Wis. Admin. Code § DOC 310.03(15).

Second, if the ICE recommends, and the RA accepts, dismissal of the complaint, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE") within fourteen days. *Id.* §§ DOC 310.09(1), 310.12. The CCE issues a recommendation to the Secretary of the Department of Corrections, who may accept or reject it. *Id.* §§ DOC 310.12(2), 310.13. The inmate exhausts this administrative process when he or she receives the Secretary's decision. *Id.* § DOC 310.13(2),(3). If the inmate does not receive the Secretary's written decision within ninety days of the date of receipt of the appeal in the CCE's office, the inmate shall consider the administrative remedies to be exhausted. *Id.* § DOC 310.13(4).

## 2. RELEVANT FACTS

Defendants' motion for summary judgment addresses the issue only of whether Plaintiff exhausted his administrative remedies as described in detail above. The Court finds the following facts relevant to the disposition of the issue at hand.

### 2.1 Plaintiff's Allegations

When he filed his complaint, Plaintiff was a state prisoner being housed at Redgranite Correctional Institution ("RCI"). ECF No. 1 at 1. On July 7, 2019, Plaintiff and his cellmate were assigned to the Restricted Housing Unit ("RHU") for violations of DOC administrative codes, namely disfigurement and possession of contraband. *Id.* at 2. When Plaintiff was moved to the RHU, CO Buckner and CO Burmeister were required to pack and inventory Plaintiff's personal belonging on a "236 Form." *Id.* The officers packed up his belongings, but they did not complete the 236 Form. *Id.* While Plaintiff was in the RHU, he sent request slips to Sgt. Heft to obtain his prescription glasses. *Id.* On August 6, 2019, Sgt. Heft replied to Plaintiff, stating, "I do not have them." *Id.* at 3.

Page 4 of 13
Case 2:20-cv-00813-JPS   Filed 08/16/22   Page 4 of 13   Document 29

On August 8, 2019, Plaintiff was released from the RHU, and his property was returned to him. *Id.* While going through his property, Plaintiff discovered that both pairs of his prescription glasses were missing. *Id.* He also discovered broken pieces of his wedding ring at the bottom of the storage box. *Id.* Plaintiff immediately informed Sgt. Hill about his missing and broken property. *Id.* Sgt. Hill instructed Plaintiff to file an inmate complaint. *Id.* Plaintiff did so that day. *Id.* On August 13, 2019, using an inmate request slip, Plaintiff also informed SD Tarr that the prison was denying him a copy of any 236 Form that COs Buckner and Burmeister should have created. *Id.* Plaintiff also informed Unit Supervisors Schroeder and Jaeger about his missing property; they similarly ignored Plaintiff's inquiries. *Id.*

On August 9, 2019, ICE Beier denied Plaintiff's inmate complaint. *Id.* As reasoning, ICE Beier stated that "there is no documentation that the inmate was in possession of glasses or a wedding ring at the time of his placement." *Id.* ICE Beier further stated that "[h]ad the items been present at the time of placement, they would have been logged on D.O.C. 236." *Id.* ICE Beier wrote that "[h]ad staff caused the damage, staff would have documented such in order for reimbursement to take place." *Id.* ICE Beier recommended against reimbursement and for dismissal of the complaint. *Id.*

On October 27, 2019, Plaintiff paid $0.30 to get a copy of his 236 Forms. *Id.* The last 236 Form on record was dated April 24, 2019—well before Plaintiff was moved to the RHU. *Id.* While the April 24, 2019 form showed that Plaintiff had two pairs of glasses, there was no 236 Form for when Plaintiff was moved to the RHU. *Id.* Plaintiff then discovered that, based on DOC policy related to lost items, he had to request that his glasses be taken off his 236 Form from April 2019 and that he would have to wait

ninety days to receive a replacement set of prescription glasses. *Id.* at 3–4. Plaintiff initiated this process on October 29, 2019. *Id.* at 4. CO Pollei told Plaintiff that he would not get new glasses until January 30, 2020. *Id.*

On November 3, 2019, Plaintiff completed a health service request, informing the health services unit ("HSU") that, because he did not have his glasses, he was experiencing headaches and strained eyes. *Id.* He was consuming a lot of Tylenol, which caused stomach pain and blood in his stool. *Id.* About two weeks later, Plaintiff received an eye examination, but HSU was required to deny him a new pair of glasses because of the policy requiring inmates to wait ninety days before the prison would replace lost property. *Id.*

Subsequently, CCE Hompe and Secretary O'Donnell denied Plaintiff's appeal of his inmate complaint. *Id.* They apparently based their denial on the 236 Form created when Plaintiff was moved to the RHU—a form that does not exist. *Id.* On February 8, 2020, Plaintiff discovered that CO Pollei had failed to remove Plaintiff's glasses from the list of property on the April 2019 Form 236. *Id.* Because the April 2019 form continued to reflect that Plaintiff had two pairs of glasses—the maximum allowed by prison policy—he was not permitted to receive a new pair of glasses. *Id.*

Given these allegations, the Court allowed Plaintiff to proceed on the following claims: (1): violation of the Eighth Amendment (deliberate indifference to a serious medical need) by CO Pollei, CO Buckner, CO Burmeister, Sgt. Hill, Sgt. Heft, Schroeder, and Jaeger; (2) violation of the Eighth Amendment (failure to train) by the State of Wisconsin, the Wisconsin Department of Corrections, the Division of Adult Institutions, and Warden Michael Meisner; (3) violation of the Eighth Amendment (failure to intervene) by CO Pollei, Sgt. Hill, Jaeger, and Schroeder; (4) violation of the ADA by the Wisconsin Department of Corrections and

the Division of Adult Institutions; and (5) state law negligence claim against CO Pollei, CO Buckner, CO Burmeister, Sgt. Hill, Sgt. Heft, Schroeder, Jaeger, ICE Beier, CCE Hompe, and Secretary O'Donnell. ECF No. 13 at 12–13.

### 2.2. Exhaustion Facts

Defendants Amanda Pollei, Amanda Buckner, Nikol Burmeister, Scott Hill, Corey Heft, Zachary Schroeder, Terrence Jaeger, Michael Meisner, Nathan Beier, Brad Hompe, and Cindy O'Donnell were all employees of DOC at all times relevant to this complaint. DPFF 2, ECF No. 20.[2] Emily Davidson is employed by the DOC as a Corrections Complaint Examiner (CCE) at DOC's Central Office in Madison, Wisconsin. She has held this position since January 24, 2016. DPFF 4.[3]

Wisconsin has established the ICRS, which gives inmates a mechanism to file complaints related to significant issues regarding rules, living conditions, and staff actions affecting the institution environment as the principal administrative remedy for those in state custody. The ICRS is governed by Wisconsin Administrative Code ch. DOC 310. DPFF 5. Under Wis. Admin. Code § DOC 310.07(2), an inmate must file a complaint within fourteen (14) calendar days after the event giving rise to the complaint. The ICE may accept a late complaint for good cause. DPFF 6. The ICE may reject a complaint. The inmate may appeal the rejected complaint within ten (10) days to the appropriate reviewing authority who shall review only the basis for the rejection of the complaint. DPFF 7.

---

[2]References herein to "DPFF" are to Defendants' Proposed Findings of Fact. ECF No. 20.

[3]Plaintiff disputes this fact; Plaintiff cannot, however, dispute a fact at the summary judgment stage based on a lack of information; the Court therefore treats this fact as undisputed. *See* Fed. R. Civ. P. 56(e).

If the complaint is not rejected, the ICE makes a recommendation on the complaint to the reviewing authority. The offender complaint is then decided by the appropriate reviewing authority whose decision (if it is adverse to the inmate) can be appealed to the Corrections Complaint Examiner. Absent good cause, appeals to the CCE must be made within 14 days. The CCE then makes a recommendation to the DOC secretary, who takes final action. DPFF 8.

In her capacity as a CCE, Davidson is primarily responsible for performing investigations of offender complaints appealed to the Secretary and recommending decisions and disposition narratives for approval by Secretary. She also has access to the Inmate Complaint Tracking System ("ICTS"), which is a database that stores all documents and reports submitted and generated through the ICRS. DPFF 9. Davidson diligently searched and examined the ICTS for records related to inmate complaints and appeals filed by Plaintiff related to the claims in this case. DPFF 10.

On August 9, 2019, the Institution Complaint Examiner's ("ICE's") office received and acknowledged inmate complaint RGCI-2019-14042. DPFF 11. In this complaint, Plaintiff claimed that his wedding band was damaged, and his prescription glasses had gone missing after he had been transferred to the RHU between July 6, 2019 and August 6, 2019. DPFF 12. Specifically, the complaint provided: "I have a damaged wedding band and missing prescription glasses and am seeking the missing and damaged property be replaced or compensated." ECF No. 21-2 at 11.

The ICE investigated this claim and found that there was no documentation that showed Plaintiff had glasses or a wedding ring at the time of his RHU placement. The ICE recommended the complaint be dismissed, and the Reviewing Authority dismissed the complaint on September 24, 2019. DPFF 13. Plaintiff timely appealed this dismissal to the

Corrections Complaint Examiner's office. The Corrections Complaint Examiner found that the evidence supported the ICE summary and the Reviewing Authority decision and recommended the appeal be dismissed. The Office of the Secretary dismissed this appeal on November 4, 2019. DPFF 14.[4] Plaintiff did not file any additional inmate complaints related to the claims at issue in this lawsuit. DPFF 15.

### 3. ANALYSIS

Defendants request summary judgment on a single ground: that Plaintiff failed to exhaust his administrative remedies before filing the instant lawsuit. The parties agree that Plaintiff filed an inmate complaint, RGCI-2019-14042, in relation to his prescription glasses. The parties further agree that Plaintiff properly exhausted that inmate complaint. Defendants argue, however, that the issues raised in Plaintiff's inmate complaint were far narrower than the five claims he is attempting to bring in this case. As such, Defendants argue that all claims should be dismissed for Plaintiff's failure to exhaust administrative remedies.

One purpose of the exhaustion requirement is to permit prison officials the opportunity to address inmate concerns internally before an inmate initiates litigation. *Woodford v. Ngo,* 548 U.S. 81, 89 (2006); *Schillinger v. Kiley,* 954 F.3d 990, 995 (7th Cir. 2020). Exhaustion "promotes efficiency because a claim can generally be resolved much more quickly in an administrative proceeding than in litigation in federal court." *Schillinger*, 954 F.3d at 995.

---

[4] The Court notes that Plaintiff disputes Defendants' facts related to the appeals of his inmate complaint. Plaintiff's dispute, however, is with the substantive reasons for the dismissal of his complaint rather than the fact that they were addressed and dismissed. Regardless, this dispute is not material as to whether Plaintiff properly exhausted his administrative remedies.

Page 9 of 13
Case 2:20-cv-00813-JPS   Filed 08/16/22   Page 9 of 13   Document 29

To provide notice of the conduct complained of, an inmate's complaint must contain the information required by the prison's administrative rules. *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002). Where those rules are silent, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Id.* at 650; *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). An inmate need not state "facts, articulate legal theories, or demand particular relief," nor must he name each potential defendant, so long as the grievance "object[s] intelligibly to some asserted shortcoming." *Strong,* 297 F.3d at 650; *Riccardo*, 375 F.3d at 524. In this way, the approach to interpreting inmate complaints is akin to the federal notice pleading system. *Dye v. Kingston*, 130 F. App'x 52, 55 (7th Cir. 2005). Wisconsin's administrative rules provide little guidance as to the required contents of an inmate complaint; however, those rules do require that offender complaints "[c]ontain only one issue per complaint, and [] clearly identify the issue." Wis. Admin. Code DOC § 310.09(1)(e).

Here, Defendants acknowledge that Plaintiff complained about missing prescription glasses and his broken wedding ring upon return from his restricted housing status. ECF No. 19 at 8–9. Defendants maintain, however, that this inmate complaint failed to provide notice of the five claims at issue in this case. Defendants argue that the claim he asserted in his inmate complaint "at most exhausts a small claims action under state late related to his damaged property." *Id.* at 9. The Seventh Circuit's recent decision in *Schillinger v. Kiley* is instructive on this issue.

In *Schillinger*, the Seventh Circuit found that a state prisoner failed to exhaust all available administrative remedies because the complaint that he submitted to the prison was not specific enough. 954 F.3d at 996. The prisoner sued several prison officials for not protecting him from an attack by another inmate. *Id.* The applicable state law provided that "a prisoner

Page 10 of 13
Case 2:20-cv-00813-JPS   Filed 08/16/22   Page 10 of 13   Document 29

must 'clearly identify the issue' in an inmate complaint," but it did not specify "what it takes to satisfy this requirement." *Id.* at 995. The prisoner's complaint mentioned none of the officials by name, nor did it show that any officials "had reason to know in advance that an attack might occur and failed to take appropriate measures to prevent it." *Id.* The Seventh Circuit therefore concluded that even though the inmate gave a thorough description of the incident, he did not put the prison on notice that he intended asserting a failure-to-protect claim. *Id.*

Applying that logic here, the Court finds that Plaintiff's inmate complaint failed to provide notice to Defendants of the five claims brought in this case. Plaintiff's inmate complaint, RGCI-2019-14042, dealt with the issue of Plaintiff's property—missing prescription eyeglasses and broken wedding band—and not a failure to provide Plaintiff with medical treatment or reasonable accommodations under the ADA.[5] The allegations in Plaintiff's complaint in this case relate to being denied glasses for a period of months and his resulting medical issues—which is not the same issue presented in RGCI-2019-14042. Plaintiff's inmate complaint lists the date of incident as July 6, 2019 to August 6, 2019. ECF No. 21-2 at 11. He does not complain that he was denied his glasses *while* in restrictive housing but instead when he discovered his missing property after-the-fact and wanted it replaced or to receive reimbursement. *Id.* Plaintiff's own allegations indicate he requested medical services related to his glasses on November 3, 2019, well after the inmate complaint was filed on August 8, 2019.

The Court is mindful of the fact that inmate complaints need not articulate legal theories or specifically name every individual defendant.

---

[5]Plaintiff's failure to intervene, failure to train, and negligence claims stem from the same conduct of the underlying Eighth Amendment and ADA violations.

*See Strong*, 297 F.3d at 650. The Court does not find, however, that Plaintiff's inmate complaint met the threshold requirement of putting Defendants on notice of the claims in this case. Plaintiff's inmate complaint in a nutshell involved his missing or damaged property. The complaint makes no mention of a denial of medical care or any lack of access to prescription glasses for any period of time. Plaintiff's inmate complaint did not give prison officials the opportunity to resolve his issues prior to this litigation. As such, the Court finds that Plaintiff failed to exhaust his administrative remedies as to all claims in this case and will grant Defendants' motion for summary judgment.

**4.    CONCLUSION**

For the reasons explained above, the Court will grant Defendants' motion for summary judgment, ECF No. 18. Plaintiff failed to properly and timely exhaust his administrative remedies. As to Plaintiff's motion for summary judgment, ECF No. 23, the Court will deny it as moot.[6]

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment, ECF No. 18, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment, ECF No. 23, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for Plaintiff's failure to exhaust administrative remedies.

The Clerk of the Court is directed to enter judgment accordingly.

---

[6]The Seventh Circuit has explained that, when the affirmative defense of exhaustion is raised, a court must address that issue first before turning to the merits of the case. *Fluker v. Cnty. of Kankakee*, 741 F.3d 787, 792–93 (7th Cir. 2013).

Dated at Milwaukee, Wisconsin, this 16th day of August, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.